IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JASON SHERWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 12-2742-JDT-cgc |
| | ) | |
| DERRICK SCHOFIELD, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

Plaintiff Jason Sherwood, a prisoner acting *pro se*, who was, at the time, incarcerated at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 on August 27, 2012. (ECF No. 1.)[1] On September 6, 2012, the Court granted Plaintiff's motion to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) On January 3, 2013, the Court issued an order dismissing the case pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2); judgment was entered on January 10, 2013. (ECF Nos. 9 & 11.) Plaintiff appealed, and the Sixth Circuit affirmed in part but vacated the judgment and remanded for further proceedings on Plaintiff's Eighth Amendment claim against Defendant Barbee for allegedly

---

[1] Plaintiff is currently incarcerated at the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee.

depriving him of his daily one hour of recreation outside his cell. *Sherwood v. Schofield*, No. 13-5099, slip op. at 3-4 (6th Cir. Aug. 1, 2013).

Plaintiff subsequently attempted to amend his complaint to reinstate the claims that were dismissed, including his claims regarding grievances and the claim that the Defendants denied him access to the courts. Plaintiff also sought to assert a new claim concerning the amount of food he was being given. (ECF No. 24.) The Court denied Plaintiff's motion to amend on September 4, 2013. (ECF No. 26.)[2] Plaintiff's motion to reconsider that denial and to add yet another new claim concerning involuntary servitude was also denied. (ECF Nos. 33 & 45.)

On May 12, 2014, Defendant Barbee filed a motion for a 30-day extension of time in which to respond to Plaintiff's discovery requests. (ECF No. 48.) Counsel's accompanying certificate of consultation stated that she had consulted with Plaintiff through a prison counselor and that Plaintiff had no objection to the extension. (ECF No. 48-1.) Therefore, the Court granted the Defendant's motion on May 13, 2014. (ECF No. 49.) Plaintiff subsequently filed an objection to the certificate of consultation (ECF No. 50), stating that he had not authorized any prison counselor to speak for him. Plaintiff also filed a motion asking the Court to order Defendant's attorney to disclose the name of the counselor to whom she spoke. (ECF No. 51.)

While the Court does not doubt that the prison counselor in question told Defendant's attorney that Plaintiff had no objection to the requested extension, the counselor apparently was not authorized by Plaintiff to speak on his behalf. Nevertheless, Plaintiff was not prejudiced by the 30-day extension of time granted to the Defendant in this case. In addition, Defendant's attorney states

---

[2] The only portion of the motion to amend that was granted was Plaintiff's request to clarify the relief sought. (*See* ECF No. 26 at 2.)

that she did not record the name of the prison counselor who gave her the inaccurate information (ECF No. 55); therefore, the motion directing her to disclose the name is DENIED.

On July 8, 2014, Plaintiff filed a motion to compel discovery (ECF No. 56); Defendant filed a response in opposition on July 21, 2014 (ECF No. 57). In his motion to compel, Plaintiff asserts that Defendant responded to several of his interrogatories and requests for production of documents with objections instead of answers. Plaintiff also asserts that the answers were not signed, as required by Federal Rules of Civil Procedure 26(g) and 33(b).

In response to Plaintiff's motion, Defendant's counsel states that she mailed the original signature page for the discovery responses to Plaintiff. Defendant also points out that Plaintiff concedes he did not consult with counsel regarding the motion to compel, as required by Federal Rule of Civil Proceure 37(a)(1) and this Court's Local Rules. The Local Rules provide that failure to consult with regard to a non-dispositive motion "may be deemed good grounds for denying the motion." L.R. 7.2(a)(1)(B). While Plaintiff contends that he could not include the certificate of consultation because of the "contentious litigation" and "time constraints" (ECF No. 56 at 3), these are not sufficient reasons for failing to consult prior to filing the motion. Therefore, Plaintiff's motion to compel is DENIED for failure to comply with Federal Rule of Civil Procedure 37(b) and Local Rule 7.2(a)(1)(B).[3]

On January 12, 2015, Plaintiff filed a motion for preliminary injunction (ECF No. 63), to which the Defendant responded (ECF No. 66). Plaintiff contends that prison officials at the MCCX

---

[3] The Court notes that many of Plaintiff's interrogatories concern allegations that he was kept on lockdown in order to deny him access to the courts. However, the Court dismissed the claims concerning access to the courts and denied Plaintiff's motion to reinstate those dismissed claims.

are sending out his legal mail without sufficient postage, even though he has authorized sufficient withdrawals from his inmate trust account to pay for it. However, any such claim is unrelated to this action[4] and is not within the jurisdiction of this Court. The MCCX is located in the Eastern District of Tennessee, and any claims against employees of that facility should be filed in that district.[5] The motion for preliminary injunction is DENIED.

Defendant Barbee filed his motion for summary judgment on September 11, 2014. (ECF Nos. 59 & 60.) Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[6] or

---

[4] The exhibits offered by Plaintiff in support of his motion show that he was attempting to send mail to the Washington, D.C. embassies for the United Kingdom, the Netherlands, India, and Vatican City. (ECF Nos. 63-2, 63-3, 63-4, & 63-5.)

[5] On December 29, 2014, Plaintiff filed a document titled "Supplemental In Amendment" (ECF No. 62), which is apparently intended as another motion to amend. However, pursuant to the scheduling order entered March 11, 2014, the deadline for amending pleadings was June 11, 2014. (ECF No. 39.) Therefore, the motion is DENIED.

[6] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

4

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

In *Celotex Corp.*, the Supreme Court explained that Rule 56:

> mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. However, where the party moving for summary judgment also has the burden of persuasion at trial, the initial burden on summary judgment is higher. Under those circumstances, the moving party must show "that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012) (internal quotation marks omitted).

In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (same). The Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

The sole issue in this case is whether, due to the lockdown of Plaintiff's unit, Defendant Barbee denied Plaintiff an hour of recreation outside his cell each day, in violation of the Eighth Amendment. In support of the motion for summary judgment, Defendant Barbee has submitted his affidavit (Barbee Aff., ECF No. 59-5), the affidavits of WTSP grievance chairperson Jason Gilbert (Gilbert Aff., ECF No. 59-3) and WTSP Captain Jerry Mooney (Mooney Aff., ECF No. 59-4), and Plaintiff's TDOC medical records (ECF No. 59-6).

Plaintiff filed a response to the motion for summary judgment on September 29, 2014 (ECF No. 61), which he has attempted to execute in accordance with 28 U.S.C. § 1746.[7] While the declaration is made under penalty of perjury, Plaintiff "swears and affirms" only that the response is "true to the best of [his] information, knowledge and belief." (*Id.* at 13.) However, most of his response consists of argument,[8] and even the few arguably factual assertions are qualified by phrases such as "Plaintiff argues," "Plaintiff submits," and "Plaintiff contends." A declaration that such statements are made merely upon information, knowledge, and belief does not constitute adequate verification under § 1746. *See Burniac v. Wells Fargo Bank, N.A.*, No. 13-CV-12741, 2015 WL 401018, at *10 (E.D. Mich. Jan. 28, 2015) (complaint made on knowledge, information, and belief, without distinguishing the allegations based on knowledge and those based on belief was insufficient to serve as an affidavit); *Crump v. Prelesnik*, 1:10-cv-353, 2013 WL 1338027, at *6 n.1 (W.D. Mich.

---

[7] Section 1746 requires an unsworn declaration under penalty of perjury to be in the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."

[8] Some of Plaintiff's response concerns his contention that the lockdown of his unit was ordered to prevent him from having access to his legal materials, thus violating his right of access to the courts. The Court reiterates that this case is NOT about access to the courts. The ONLY issue is whether Plaintiff was denied adequate exercise.

Feb. 13, 2013) (same); *Satterwhite v. Dy*, No. C11-528 RAJ, 2012 WL 748287, at *2 (W.D. Wash. Mar. 5, 2012) (declaration made to the "best of my knowledge and belief" was insufficient under § 1746). Therefore, the Court will not treat Plaintiff's response as an affidavit in opposition to Defendant's motion for summary judgment.

The Eighth Amendment prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298; *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298.

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 at 834; *see also Wilson*, 501 U.S. at 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Woods v.*

7

*Lecureux*, 110 F.3d 1215,1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995).

"It is generally recognized that a total or near-total deprivation of exercise or recreational opportunity, *without penological justification*, violates Eighth Amendment guarantees." *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983) (emphasis added). The Sixth Circuit has not "set a minimum amount of time a prisoner must have access to outdoor recreation." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Rodgers v. Jabe*, 43 F.3d 1082, 1086-87 (6th Cir. 1995).

In this case, Defendant Barbee contends that the evidence in the record shows he did not violate Plaintiff's rights under the Eighth Amendment. Captain Mooney states in his affidavit that during July 2012 there were approximately 1,500 gang members housed at the WTSP. When a fight began, a chain reaction of violence would occur, resulting in a lockdown for the safety of both inmates and prison staff. (Mooney Aff. ¶¶ 4-5, ECF No. 59-4 at 1.) There were many such fights between gang members in Unit 3, where Plaintiff was housed. (*Id.* ¶¶ 6-7, at 1-2.) On July 29, 2012, Defendant Barbee was not on duty, and Captain Mooney was the Officer-In-Charge at the facility. (*Id.* ¶ 8, at 2; Barbee Aff. ¶¶ 4-5, ECF No. 59-5 at 1.) Early that morning, fighting broke out in Units 1 and 2; control was briefly restored but then the fighting resumed. Fighting also began in Unit 3, so Mooney ordered a lockdown of Units 1, 2, and 3. Several inmates and staff required medical treatment as a result of the violence. (Mooney Aff. ¶¶ 9-11, ECF No. 59-4 at 2; *id.* Ex. A, at 4-8.)

The TDOC Assistant Commisioner of Operations, Tony Parker, took charge of the lockdown and determined the restrictions to be imposed, and only Parker had the authority to end the lockdown. For reasons of safety and security, one of Parker's restrictions was that the inmates did

not receive recreation outside their cells. (Barbee Aff. ¶¶ 6-7, ECF No. 59-5 at 1; Mooney Aff. ¶¶ 13, 18, ECF No. 59-4 at 2-3.) However, Captain Mooney states that Plaintiff's cell was large enough for him to perform exercises such as jumping jacks, sit-ups, etc. (Mooney Aff. ¶ 17, ECF No. 59-4 at 3; *see also* Barbee Aff. ¶ 9, ECF No. 59-5 at 2.) Beginning three days later, on or about August 1, 2012, the inmates were allowed out of their cells to shower every other day or every three days. (Barbee Aff. ¶ 8, ECF No. 59-5 at 2; Mooney Aff. ¶ 14, ECF No. 59-4 at 2.) They were also provided with sick call. (Mooney Aff. ¶¶ 13-15, ECF No. 59-4 at 2-3.) The lockdown was still in effect when Defendant Barbee left the WTSP on September 1, 2012, to assume a position as TDOC Correction Administrator. (Barbee Aff ¶ 10, ECF No. 59-5 at 2.) There is no evidence in the record as to when the restriction on out-of-cell recreation was lifted.

The undisputed evidence in the record shows that, notwithstanding that he was the WTSP Warden at the time, Barbee was not personally involved in the decision to institute the July 29, 2012 lockdown. He did not issue the order restricting out-of-cell recreation and had no authority to determine how long the lockdown would remain in effect. (*Id.* ¶ 12, at 2.) Therefore, there is no genuine issue of material fact with regard to whether Barbee violated Plaintiff's rights under the Eighth Amendment.

Defendant also contends that Plaintiff has failed to demonstrate that he suffered any physical injury from the alleged deprivation of out-of-cell exercise. Under the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Sixth Circuit has held that even though the physical injury required by the statute "need not be significant, it must be more than *de minimis*."

*Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010). *See also Jarriet v. Wilson*, 162 F. App'x 394, 400-01 (6th Cir. 2005) (prisoner who was put in small strip cage for twelve hours but who failed to mention the alleged swelling, pain, and cramps in his leg to medical personnel when he was released had only *de minimis* physical injury); *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (prisoner sprayed with pepper spray was "merely uncomfortable in the ordinary fashion of persons exposed to pepper spray" and suffered only *de minimis* physical injury); *Corsetti v. Tessmer*, 41 F. App'x 753, 755 (6th Cir. 2002) (two small bruises and minor cuts were *de minimis* physical injury).

Plaintiff's TDOC medical records do not show that he sought medical treatment for any illness, injury, or condition as a result of being on lockdown which restricted out-of-cell exercise. Plaintiff's only response to the Defendants' submission of his medical records is the suggestion, without any evidence, that the medical records are inaccurate.[9] Therefore, Plaintiff's Eighth Amendment claim also fails because he suffered no physical injury from the alleged deprivation of his rights.

For all of these reasons, the Court finds the Defendant is entitled to judgment as a matter of law.[10] Accordingly, the motion for summary judgment is GRANTED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in

---

[9] Plaintiff also refers to possible mental health problems such as suicidal thoughts and anxiety. However, § 1997e(e) specifically requires a showing of physical injury before recovery may be had for mental or emotional injury.

[10] It is unnecessary to address Defendant's assertion that Plaintiff failed to exhaust his administrative remedies.

good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to grant summary judgment also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE